**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

ASHLEY SYKES, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.

SAFEBUILT FLORIDA, LLC, a foreign limited
liability company,

    Defendant

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, ASHLEY SYKES ("Plaintiff") on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, SAFEBUILT FLORIDA, LLC ("Defendant") for federal overtime wage violations under the Fair Labor Standards Act ("FLSA") and for unlawful interference under the Family and Medical Leave Act ("FMLA"), and alleges the following:

**INTRODUCTION**

1. Defendant automatically deducted 1-hour per shift from Plaintiff and all other similarly situated individuals for a meal period they could not take. Plaintiff and all other similarly situated individuals often worked more than forty (40) hours per week and were not completely relieved of their duties for a 1-hour meal period. As a result of this policy, Defendant deprived Plaintiff and dozens of other employees of federal overtime wages during the course of the

previous three (3) years. Defendant also failed to provide Plaintiff notice of her right to FMLA leave when she gave birth to her child even though Plaintiff was eligible to receive notice of her FMLA rights. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and all other similarly situated employees as a result of Defendant's automatic meal deductions. Plaintiff also seeks damages pursuant to 29 U.S.C. § 2601, et. seq. for Defendant's willful and/or intentional FMLA violations.

2. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for violation of the FLSA:

> **Automatic Meal Deduction Collective**: All Permit Techs employed by Defendant in Pembroke Pines, Florida, within the previous 3 years, who had a 1-hour meal period automatically deducted from their pay and worked 40 or more hours per week.

## PARTIES

3. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

4. During all times material hereto, Defendant was a foreign limited liability company located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

5. Defendant is headquartered at 3755 Precision Drive, Suite 140, Loveland, Colorado 80538.

6. Plaintiff worked for Defendant in Pembroke Pines, Florida.

7. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

8. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) attempted to take leave for a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to exercising her right to FMLA leave.

10. Furthermore, at all times material hereto, Defendant employed 50 or more employees within 75 miles of the worksite where Plaintiff worked for Defendant.

## JURISDICTION AND VENUE

11. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

13. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

14. Defendant is engaged in community development and infrastructure services and supports local communities and developers in the South Florida area. *See* https://safebuilt.com/services/building-department-services/permit-technicians (last visited November 4, 2022).

15. Defendant operates a Professional Permit Services division which "has extensive experience in providing supplemental Permit Technician Services to cities and counties throughout the country. These services can range from as-needed, on-call to meet daily needs, to long term consistent coverage." *See* https://safebuilt.com/services/building-department-services/permit-technicians (last visited November 4, 2022).

16. Defendant hired Plaintiff on or about September 3, 2020, as a non-exempt, hourly Permit Tech to work in its Professional Permit Services division.

17. Plaintiff is still employed as of the date and time of this filing and has therefore engaged in protected activity under the FLSA and FMLA.

18. Plaintiff's primary job duties include, but are not limited to: reviewing permits, collecting fees, creating and sending invoices, communicating with permit applicants, etc.

19. During all times material hereto, Plaintiff's schedule is/was Monday through Thursday from 7 am to 6 pm, daily. Accordingly, Plaintiff works approximately 44 hours per week.

20. Plaintiff earned approximately $17.86 per hour from on or about September 4, 2020, until on or about September 25, 2022.

21. Plaintiff earned $20.00 per hour from September 26, 2022, through the present.

22. However, during all times material hereto, Defendant automatically deducted a full hour from Plaintiff each day of work for a meal period even though she was not completely relieved of her duties.

23. During all times material hereto, Defendant was aware or constructively aware that Plaintiff was not completely relieved of her duties for the purposes of a meal period during the 1-hour that Defendant automatically deducted from Plaintiff.

24. Defendant's practice of making automatic 1-hour meal deductions causes overtime wage violations during workweeks when Plaintiff works 40 or more hours.

## FLSA COVERAGE

25. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26. During her employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, envelopes, computers, cables, stamps, markers, staplers, staples, invoices, headsets, extension cords, masks, boxes, envelopes, hand sanitizer, etc.

27. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

28. Defendant had gross annual revenues in excess of $500,000.00 in the years 2019, 2020 and 2021 and is expected to have gross annual revenues in excess of $500,000.00 in 2022.

29. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not have discretion to make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any

advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

30. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## **COLLECTIVE ALLEGATIONS**

31. Members of the collective are treated equally and similarly in Pembroke Pines, Florida, in that they were denied full and proper federal overtime wages as a result of automatic meal deductions that are made when Permit Techs work more than forty (40) hours in a workweek and are not completely relieved of duties during the purported meal period.

32. Defendant's automatic meal deduction is a common policy or plan that uniformly leads to overtime wage violations with respect to each and every Permit Tech who works in excess of forty (40) hours in a workweek.

33. Defendant has employed dozens of hourly Permit Techs in Florida who were not paid federal overtime wages as a result of Defendant's automatic meal deduction policy over the course of the previous three (3) years.

34. Plaintiff and the class members were subjected to the same employment policies and worked the same schedule while employed by Defendant in Pembroke Pines, Florida.

35. Plaintiff and the class members performed the same or similar job duties for Defendant and were not compensated federally mandated overtime wages during the previous three (3) years.

36. Defendant failed to keep accurate time and pay records for Plaintiff and all members of the putative collective, to designate when, if ever, Plaintiff and collective members were completely relieved of duties for the purpose of a meal period.

37. Defendant's records uniformly misrepresent that Plaintiff and the members of the collective took a lunch break, even they were not completely relieved of their duties and worked consistently through any purported meal periods.

38. Defendant further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other Permit Techs during each workweek within the relevant time period.

39. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
### (AUTOMATIC MEAL DEDUCTION COLLECTIVE)

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 39 as though set forth fully herein.

41. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

42. Defendant refused to pay Plaintiff and all other similarly situated employees one-and-one-half times their regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

43. Defendant automatically deducted 1-hour per day from Plaintiff and all other similarly situated Permit Techs for a meal period which they were not able to take, including during workweeks when Plaintiff and other similarly situated Permit Techs worked over forty (40) hours.

44. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

7

> **All Permit Techs employed by Defendant in Pembroke Pines, Florida within the previous 3 years, who had a 1-hour meal period automatically deducted from their pay and worked 40 or more hours per week.**

45. Plaintiff claims the applicable federal overtime wage rate for all unpaid work over forty (40) hours per week during her employment.

46. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

47. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

48. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ASHLEY SYKES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, SAFEBUILT FLORIDA, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – UNLAWFUL INTERFERENCE UNDER THE FMLA

49. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 39 as though set forth fully herein.

50. At all times relevant hereto, Defendant was a covered employer under the FMLA.

51. At all times relevant hereto, Plaintiff was an eligible employee entitled to take federally protected leave under the FMLA.

52. Defendant became aware of Plaintiff's pregnancy in August 2021.

53. Plaintiff notified Defendant that her due date was November 9, 2021.

54. On or about October 28, 2021, Plaintiff notified her supervisors that she was having contractions and would have to take off to go to the doctor.

55. On or about October 29, 2021, Plaintiff was admitted to the hospital.

56. On or about October 31, 2021, Plaintiff gave birth.

57. Defendant knew or should have known that Plaintiff was qualified for FMLA leave for her pregnancy commencing on or about October 31, 2021.

58. Defendant failed to provide Plaintiff with notice of her protected rights under the FMLA.

59. Defendant denied Plaintiff the benefit of protected leave under the FMLA.

60. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA protected leave.

61. As a result of Defendant's intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages.

62. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, ASHLEY SYKES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, SAFEBUILT FLORIDA, LLC, and award Plaintiff damages for back pay, front pay, an equal amount of liquidated damages, other damages and benefits provided for under the FMLA, equitable relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY SYKES, demands a trial by jury on all appropriate claims.

**Dated: November 5, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 5, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**